UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN S. JELLISON,<br><br>    Petitioner,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFFS OFFICE, et al.,<br><br>    Respondents. | Case No. 23-cv-00009-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Petitioner Kevin S. Jellison has filed this *pro se* petition for a writ of habeas corpus. Petitioner has paid the filing fee. *See* Dkt. No. 5-2. For the reasons set forth below, this petition for a writ of habeas corpus is DISMISSED with leave to amend.

**DISCUSSION**

**I.  Petition**

Petitioner states that he is bringing a petition for a writ of habeas corpus pursuant to the All Writs Act. Petitioner alleges that he is behind held against his will, fraudulently and unjustly, in the custody of the Sacramento County Sheriff's Department, Sacramento County Jail, Sacramento County Superior Court, Hon. Curtis M. Fiorini, and Napa State Hospital. The petition references the National Treasury Department, the Fifth Congress, the Uniform Commercial Code, the 1868 Expatriation Act, the Treasury Secret Service Monetary Regulation Acts, the Thirteenth, Fourteenth and Fifth Amendments, and cites a handful of cases. Petitioner states that he "disavows all foreign commercial allegiances as [his] right of expatriation" and alleges that he has been "falsely identified, charged and imprisoned; as a Foreign STATE commercial-paper debtor / citizen / employee by the 'Foreign Banking Commercial' UCC: Paper Bar Courts." Dkt. No. 5 at 4. Petitioner seeks redress of grievances against the "Foreign Commercial UCC Contract Trust

1  Insurrections for [his] freedoms" and requests that this Court order the release of commercial debt
2  set-off credits, his release from the Sacramento County Sheriff's Department, and release of
3  proceeds, product, accounts, and fixtures.  *See generally* Dkt. No. 5.

## II. Dismissal with Leave to Amend

The Court DISMISSES the petition for failure to state a claim because it is unclear what relief Petitioner seeks.  Petitioner alleges that his custody is unlawful, that he seeks redress of grievances, and that he seeks the release of commercial debt.

To the extent that Petitioner seeks release from custody, he should bring a petition under 28 U.S.C. § 2554(a), if his custody is pursuant to the judgment of a State court, or under 28 U.S.C. § 2241(c), if his custody is not pursuant to the judgment of a state court.  Whether the petition is brought under 28 U.S.C. § 2554(a) or 28 U.S.C. § 2241(c), relief is available only if the custody violates the Constitution or laws or treaties of the United States.  To the extent that Petitioner seeks redress of grievances or the release of commercial debt, such claims may not be brought in a habeas action because they do not challenge the legality of Petitioner's custody.  *See generally* 28 U.S.C. § 2241(c), 28 U.S.C. § 2554(a).

The All Writs Act is not relevant here.  The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a).  "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Penn. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985).  Because 28 U.S.C. § 2554(a) and 28 U.S.C. § 2241(c) directly provide relief for Petitioner's allegedly unconstitutional custody, the All Writs Act does not control here.

The dismissal is with leave to amend because it appears that Petitioner might be able to correct the deficiency noted above.  In filing an amended petition, Petitioner must specify whether

he is seeking relief under 28 U.S.C. § 2241(c) or 28 U.S.C. § 2554(a), and how his custody violates the Constitution or laws or treaties of the United States.

## CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus is DISMISSED with leave to amend. Within twenty-eight (28) days of the date of this order, Petitioner shall file an amended petition addressing the deficiency identified above. The amended petition must include the caption and civil case number used in this order (23-cv-0009 HSG) and the words "AMENDED PETITION" on the first page. Because an amended petition completely replaces the previous petitions, Petitioner must include in his amended petition all the claims he wishes to present. Any claims not presented in the amended petition will be waived. Petitioner may not incorporate material from the prior petition(s) by reference. If Petitioner fails to file an amended petition within the time provided in this order, this action may be dismissed without further notice to Petitioner for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases). The Clerk shall send Petitioner two copies of Court's habeas petition form.

**IT IS SO ORDERED.**

Dated:   2/21/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge