UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN S. JELLISON,<br><br>    Plaintiff,<br><br>v.<br><br>SACRAMENTO COUNTY SHERIFFS OFFICE, et al.,<br><br>    Defendants. | Case No. 23-cv-00009-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 9 |

Petitioner Kevin S. Jellison has filed this *pro se* petition for a writ of habeas corpus. The amended petition is before the Court for screening.

## DISCUSSION

**A.    Standard of Review**

28 U.S.C. § 2254 provides that this court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). 28 U.S.C. § 2241(c) is the proper basis for a habeas petition by a person in state custody who is not held pursuant to the judgment of a State court. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1138 (9th Cir. 2018) (pretrial double jeopardy challenge); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.  Procedural History**

In his initial petition, Petitioner alleged that he is behind held against his will, fraudulently and unjustly, in the custody of the Sacramento County Sheriff's Department, Sacramento County Jail, Sacramento County Superior Court, Hon. Curtis M. Fiorini, and Napa State Hospital.  The initial petition alleged that his custody was unlawful; and sought redress of grievances and the release of commercial debt.  *See generally* ECF No. 1.  The Court dismissed the petition with leave to amend because the petition failed to state a claim and because it was unclear what relief was sought.

**C.  Dismissal with Leave to Amend**

In the amended petition, Petitioner sets forth the following claim for relief:

> Without a warrant, I was illegally detained and jailed denying my right to remain silent. 5th Amendment. I have been falsely identified and imprisoned and charged by public servants without being mirandized properly.  My rights were not read to me and due process was violated.

ECF No. 9 at 5.  Petitioner has not specified why he is in state custody.  It does not appear that Petitioner is in custody pursuant to a state court judgment.  Petitioner has responded "N/A" to the questions "What sentence are you challenging in this petition" and "For what crime were you given this sentence?"  Dkt. No. 9 at 1-2.  Petitioner only reports having an arraignment, and does not report any plea or having a trial.  Dkt. No. 9 at 2.  Petitioner also denies having sought relief in any proceeding other than an appeal.  Dkt. No. 9 at 3.

The amended petition suffers from numerous deficiencies.

First, if Petitioner is not in custody subject to a jury verdict, his *Miranda* violation claim may not state a cognizable claim for federal habeas relief.  Generally speaking, habeas relief should be granted if the admission of statements in violation of *Miranda* "'had a substantial and injurious effect or influence in determining the jury's verdict.'"  *Jackson v. Giurbino*, 364 F.3d 1002, 1010 (9th Cir. 2004) (quoting *Calderon v. Coleman*, 525 U.S. 141, 147 (1998)).  Here, it is unclear how the alleged *Miranda* violation caused Petitioner to be in custody.

Second, Petitioner's claim appears to be unexhausted.  Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through

2

1   collateral proceedings, by presenting the highest state court available with a fair opportunity to
2   rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. §
3   2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given
4   an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*,
5   526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established
6   appellate review process."). Here, Petitioner reports that he has not sought relief in any other
7   proceeding.
8         Third, it is unclear why Petitioner has named the Sacramento County Sheriff's Office as a
9   respondent. Petitioner is currently in the custody of Napa State Hospital. If Petitioner believes
10  that the Sacramento County Sheriff's Office has violated his federal civil rights, he should raise
11  this claim in a civil rights action pursuant to 42 U.S.C. § 1983.
12        The Court DISMISSES the amended petition with leave to amend to address the identified
13  deficiencies. In filing a second amended petition, Petitioner must specify the reason for his
14  custody, i.e., pursuant to state court judgment or pretrial detention, how his custody violates the
15  Constitution or laws or treaties of the United States, and whether he has exhausted state court
16  remedies.

## CONCLUSION

18  For the reasons set forth above, the amended habeas corpus petition is DISMISSED with
19  leave to amend. Within twenty-eight (28) days of the date of this order, Petitioner shall file a
20  second amended petition addressing the deficiency identified above. The second amended petition
21  must include the caption and civil case number used in this order (23-cv-0009 HSG) and the
22  words "SECOND AMENDED PETITION" on the first page. Because an amended petition
23  completely replaces the previous petitions, Petitioner must include in his second amended petition
24  all the claims he wishes to present. Any claims not presented in the second amended petition will
25  be waived. Petitioner may not incorporate material from the prior petition(s) by reference. If
26  Petitioner fails to file a second amended petition within the time provided in this order, this action
27  may be dismissed without further notice to Petitioner for failure to prosecute pursuant to Federal
28  Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule

41(b) applicable in habeas cases).  The Clerk shall send Petitioner two copies of Court's habeas petition form.

**IT IS SO ORDERED.**

Dated:  5/2/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

4